IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE BARRON,

        Plaintiff,

v.                                                          No. CIV 06-796 JC/WPL

DOÑA ANA COUNTY AND BOARD OF
COUNTY COMMISSIONERS OF DOÑA
ANA COUNTY, on behalf of Doña Ana County,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment, filed March 28, 2007 (*Doc. 18*)("Motion"). The issues raised by Defendant's Motion include whether all claims are barred by applicable statutes of limitation; whether the Defendants enjoy immunity from all or some claims; and whether Plaintiff failed to exhaust her administrative remedies. After having carefully considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, the Court finds the federal claims before the Court are not ripe for review and, accordingly, all claims should be dismissed without prejudice for lack of jurisdiction in this Court.

**I.    Background**

The following facts are either undisputed or viewed in the light most favorable to Plaintiff. In 1995, Plaintiff approached Janine Divyak, a Senior Planner with Doña Ana County ("the County"), and Judy Price, Co-Planning Director with the County, "to find out the procedure on how to divide [her] forty (40) acres of land into residential subdivisions." Barron Aff. at ¶ 3. On November 4, 1996, Barron submitted the first plat to Defendants and paid

$3,425.00 in associated administrative fees.  *See* County Treasurer's Receipt No. 85332.  In 1998, Plaintiff submitted another plat for an industrial park, to be named Tierra Nueva, and paid an additional $600.00 in fees associated therewith.  *See* Treasurer's Receipt dated December 14, 1998.

In March of 2000, the County required Plaintiff to provide an easement and proposal for the paving of a section of road on Plaintiff's property, namely Joy Road.  On August 11, 2000 the Doña Ana County Planning and Zoning Commission recommended *conditional* approval for a preliminary plat for six lots of the Tierra Nueva Subdivision, which was owned by Plaintiff Barron.  Mot., Ex. A.  *See also* McMahon Aff. at ¶¶ 5, 6 and 7.  Plaintiff agreed to complete the infrastructure required for the Tierra Nueva Subdivision within eight (8) months of the Doña Ana County Commission's conditional approval.  Mot., Ex. B.  The Doña Ana County Board of County Commissioners (BOCC) held a meeting on December 15, 2000 to consider the preliminary and final subdivision plat for the Tierra Nueva Subdivision .  *See* McMahon Aff. at ¶ 10.  When Plaintiff approached a County employee to address the outcome of the BOCC decision (that Plaintiff was not responsible for improving Joy Road), the employee allegedly amended the subdivision regulation on her computer, printed the altered version, and handed it to Barron.

On February 5, 2001, Carlos Garza, Chairman of the BOCC,  wrote to Plaintiff stating that the BOCC "granted Preliminary and Final Plat approval for the Tierra Nueva Business Park Subdivision subject to...conditions."  Mot., Ex. C.  On June 1, 2001, Plaintiff submitted an application to eliminate her requirement to make improvements to the Joy Road portion of the Tierra Nueva Subdivision and on June 15, 2001, Wayne Grinnell, Acting Director of Community Development, sent a letter to Plaintiff denying her request to eliminate the improvements to Joy

Road as a condition. *Id.* On July 12, 2001, Plaintiff appealed the Doña Ana County's decision requiring improvements to Joy Road.[1] That appeal was heard by the Planning and Zoning Commission and Barron's request was denied by a vote of 4:0. *Id.* On September 11, 2001, the Doña Ana County Commission heard an appeal from the Planning and Zoning Commission decision regarding the required improvements to Joy Road. The Doña Ana Commission (DAC) reversed the Planning and Zoning Commission with four (4) conditions. *See* October 25, 2001 Order Approving Major Amendment to Tierra Nueva Business Park Subdivision Case No. SD 00-004/AP 01-003, Mot., Ex. F. Specifically, the October 25th Order imposes the following conditions:

1. The applicant shall be required to pay Twenty-three Thousand and No/100 Dollars ($23,000.00) into the County road fund to address the impact of the increase in traffic on the surrounding road systems generally, which will arise from the development at issue.

2. The subdivision plat shall include dedication of an eighty foot (80') wide road and utility right-of-way parallel and adjacent to the north boundary of the subdivision, to allow for the future extension of Joy Drive across the property.

3. No lots within the Tierra Nueva Business Park Subdivision shall have direct access to Joy Drive.

4. The applicant shall not be required to construct fencing or establish landscaping or other buffering along the right-of-way to be established for the future extension of Joy Drive.

*Id.* To date, Barron has not complied with any of the conditions imposed by the September 11,

---

[1] Plaintiff contests Defendant's material fact No. 7 as written. Defendant's No. 7 states "[on] July 12, 2001, Plaintiff Barron appealed the Doña Ana County staff's decision to eliminate improvements to Joy Road." Defendant's Material Fact No. 7. Plaintiff clarifies that the staff's decision was, in fact, to *require* improvements to Joy Road. Plaintiff's Contested Material Fact No. 1. The Court interprets this as a simple error in semantics. Given her position, it would be illogical for Plaintiff to appeal a decision to *eliminate* the required changes to Joy Road. *See* Reply at 1.

2001 Order. On January 25, 2002, Barron resubmitted documents based on the September 11, 2001 Board decision. Barron submitted a set of revisions to the Tierra Nueva Subdivision application. On June 16, 2003, Doña Ana County staff returned comments to Plaintiff and her engineer concerning the June 10 revisions. On November 5, 2003, Grinnell sent a letter to Barron requiring a resubmittal if she wished to pursue the development of the Tierra Nueva Subdivision any further. Mot., Ex. S. On December 3, 2003 the County staff received a notice of an appeal by Barron from a staff determination; Barron's request for an extension on the conditionally approved preliminary plat to the Planning and Zoning Commission; and a request for waiver of the $100 application fee. Mot., Ex T. The appeal and extension request were directed to the Board of County Commissioners. *Id.* On December 10, 2003, Barron was informed in writing by Grinnell that the appeal was improperly filed with the BOCC, that it should be directed to the Planning and Zoning Commission, and that it could not be processed without the required $100.00 filing fee. Mot., Ex. U. Barron took no further action in furtherance of her appeal.

On August 29, 2006, Barron filed this suit in federal court, claiming Trespass to Land (Count I); Violation of Substantive Due Process (Count II); Governmental Taking (Count III); Slander of Title (Count IV); and Governmental Retaliation (Count V).

**II.     Discussion**

**The Federal Claims are Not Ripe for Ruling**

New Mexico law requires exhaustion of administrative remedies in a subdivision and zoning context because of administrative expertise. *See Hyde Park v. City of Santa Fe*, 125 N.M. 832 (Ct. App. 1998). However, exhaustion of administrative remedies is not required prior to filing a federal question due process claim. *See Houghton v. Shafer*, 392 U.S. 639, 640

(1968). Assuming under the notice pleading requirements of Rule 8(a) that Barron has alleged sufficient facts in her complaint to state a claim under 42 U.S.C. ' 1983, such claim is nonetheless prematurely before the Court.

Barron bases her ' 1983 due process claim entirely on her asserted belief that Defendants elevated Aform over substance...delaying the proceedings@ and that Athe Commission could certainly have heard the appeal.@ Resp. at 9. Yet it is beyond reasonable dispute that Plaintiff was informed of the correct procedure for obtaining appeal and has, to date, chosen not to followed it.

The issue here is one of ripeness as distinguished from exhaustion and the undisputed facts before the Court indicate that Plaintiff did not avail herself of the very process she presently seeks to deem inadequate. The question of whether administrative remedies must be exhausted is conceptually distinct from the question of whether a final administrative decision must be rendered before the claim is judicially reviewable. Whether a claim is ripe for ruling bears on the court=s subject matter jurisdiction under the U.S. Const. Art. III. *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995). Ripeness is a question of law which requires the court to evaluate the fitness of the issues for judicial decision and the hardship of the parties of withholding court consideration. *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967). The doctrine's basic rationale "is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.*

Based on these principles, the Supreme Court has adopted specific ripeness requirements

5

for cases challenging land use decisions.  In *Williamson Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985), the Court held that a Fifth Amendment just compensation claim was not ripe until all state procedures for relief were utilized.  As the Court held in *Williamson County*, authorities must be given an opportunity to "arrive[] at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question" before its owner has a ripe challenge. *Williamson County*, 473 U.S. at 191. The Supreme Court has further delineated what constitutes such a final decision.  The *Williamson County* Court held that the plaintiff's taking and due process claims were not ripe because no variance had been sought.  *Id.* at 193-94.  In *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, the plaintiff's taking claim was premature because, even though a planning commission rejected the plaintiff's development plan, the plaintiff failed to submit less intensive plans. With these two cases, the Supreme Court "erected imposing barriers . . . to guard against the federal courts becoming the Grand Mufti of local zoning boards." *Hoehne v. County of San Benito*, 870 F.2d 529, 532 (9th Cir. 1989).

  Barron states that an appeal to the Planning and Zoning Commission Awould have been futile@ because the Commission had previously found against her and Amembers of the commission were biased against [her].@ *Id.* at 10.  Yet Barron's speculation on the outcome of a process with which she chose not to comply or fully engage, and which is still available to her, cannot support a civil rights violation at this juncture.  In short, the Court determines that neither of the *Abbott Labs* factors support the exercise of jurisdiction over Barron's federal claims.

### Without a Federal Question, the Court Should not Exercise Jurisdiction Over the State Law Claims

  The Court's jurisdiction over this matter hinges on the federal claims raised by Barron. 28 U.S.C. § 1331.  Because the Court has found that Barron's federal claims are unripe for

6

review and, therefore, must be dismissed without prejudice for lack of jurisdiction, the Court declines to exercise supplemental jurisdiction over Barron's state law claims, which claims should also be dismissed without prejudice. *See, e.g., Halco Envtl. Inc. v. Comanche County Bd. of County Comm'rs*, 149 F.3d 1190 (10th Cir. 1998).

WHEREFORE,

**IT IS ORDERED** that Plaintiff's Complaint is dismissed in its entirety without prejudice and Defendant's Motion for Summary Judgment, filed March 28, 2007 (*Doc. 18*) is DENIED as MOOT.

Dated this 18th day of October, 2007.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

John R. Hakanson, Esq.
John R. Hakanson, P.C.
Alamogordo, New Mexico

Counsel for Defendant:

Frank N. Chavez, Esq.
Rosner & Chavez, LLC
Las Cruces, New Mexico